OPINION OF THE COURT
Herman H. Tietjen, J.
Defendant was issued simplified traffic informations for violation of subdivision (b) of section 1123 and subdivision (a) of section 1180 of the Vehicle and Traffic Law. Trial was held on October 1, 1981.
In regard to both charges, the Town Constable testified that he had stopped his patrol car at the stop line at the intersection of New York State Route 9 and New York State Route 9G in the Town of Rhinebeck. As he was waiting for northbound traffic to pass through the intersection before making a left turn from Route 9 onto Route 9G, defendant’s vehicle passed on his right and came into collision with a vehicle making a left turn from Route 9 to Route 9G. The accident occurred approximately 10:10 p.m. on August 8, 1981. At the point where the constable was stopped the road consisted of a single southbound lane, marked by center stripes and by a white edge stripe on the right. The defendant’s vehicle went around the constable’s car at a fast rate of speed and crossed the white edge line to his right. The constable testified that the traveled portion of the highway between the center lines and the edge line *494 would not have permitted a vehicle to pass without having crossed the edge line. Defendant testified that the constable’s vehicle was stopped south of the stop line and that she had ample room to pass on the right of the vehicle.
The People’s witnesses, the occupants of the other car, testified that the point of impact would have been a point perpendicular to the white edge line had it been extended through the intersection. The defendant, in her testimony, agreed with the occupants of the other vehicle as to the point of impact. Photographs were introduced by the defense to show not only the position of the vehicles but also the point of impact between the defendant’s car and the par going through the intersection. The defendant pointed to a spot on the roadway where the impact took place. The spot would have required her vehicle to cross the edge line or straddle it had the edge line continued through the intersection.
At issue here is whether subdivision (b) of section 1123 of the Vehicle and Traffic Law had been violated and the interpretation of provisions of that particular section. In addition, there is the question of fact as to the position of the police vehicle in the intersection.
Subdivision (b) of section 1123 of the Vehicle and Traffic Law provides that “[t]he driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.” The statute, therefore, would permit passing on the right provided the move can be made in safety under prevailing conditions and by not driving off the pavement or main-traveled portion of the roadway.
Section 118 of the Vehicle and Traffic Law defines “highway” as “(t]he entire width between the boundary lines of every way publicly maintained”. The term “roadway” on the other hand is defined as “[t]hat portion of a highway improved, designed, marked, or ordinarily used for vehicular travel, exclusive of the shoulder and slope” (Vehicle and Traffic Law, § 140). Accordingly, the above definition “highway” would refer to the public right of way available *495 as a public thoroughfare whereas “roadway” is the limited portion of the “highway” improved for regular travel.
The roadway in question was marked on the right side, inside the paved area, with a white edge marker. Section 261.9 of the New York State Manual of Uniform Traffic Control Devices (17 NYCRR 261.9) issued pursuant to subdivision (a) of section 1680 of the Vehicle and Traffic Law states that the “edge line” defines “the edge of the roadway intended for vehicular travel.” The rule goes on to state that the “edge line” may be used to “define the edge of the roadway adjacent to the shoulder. They have particular application where the shoulder area has characteristics and appearance similar to the highway pavement. However, it is essential that the shoulder not have the appearance of a traffic lane.”
Subdivision (b) of section 1123 of the Vehicle and Traffic Law limits the movement of a motor vehicle passing on the right to “the pavement” or “main-traveled portion of the roadway.” The two phrases are linked together by the word “or” and it is necessary to construe their meaning in conjunction with that term. “Or”, as used in a statute, has been defined as a disjunctive particle indicating the alternative sense. When connecting a series of words or propositions, it presents the choice of either (see 56 NY Jur, Statutes, § 149). A literal reading of the statute would support this interpretation. In the case at bar, the main-traveled portion of the roadway was marked by an edge line. This line, however, was well within the “pavement” of the roadway but did not create a separate lane. The roadway in question was defined by distinctive markings. Under the facts of the case, this court concludes that the phrase “main-traveled portion of the roadway” should apply as a result of the edge line on the right.
Considering the testimony of the constable, his witnesses and the defendant, the court is of the opinion that the People have proven their case beyond a reasonable doubt in regard to violation of subdivision (b) of section 1123 of the Vehicle and Traffic Law and the defendant is found guilty. However, same is not true in respect to subdivision (a) of section 1180 of the Vehicle and Traffic *496 Law and as to that violation, the charge is dismissed. Defendant is fined $25.